## STATE *vs.* THE NEW HAVEN AND NORTHAMPTON COMPANY.

The act of 1866 (Gen. Statutes, p. 327,) provides that the approval of the railroad commissioners, upon a hearing had, shall be necessary, for the discontinuance by any railroad company of any station upon its road. A railroad company having two stations only a mile apart, proposed to discontinue both stations and establish a single intermediate one, and applied to the railroad commissioners for their approval. The commissioners made an order authorizing the company to abandon both stations as passenger stations, "upon complying with the following conditions: that the company erect a passenger station at [describing the place,] with suitable approaches, to the acceptance of the commissioners; and that the company shall continue the same facilities for freight as at present." Held not to be such a conditional order as to be for that reason invalid.

The condition (so called) with regard to the erection of the new station house, was not so much a condition, as a provision with regard to the time when the old stations might be abandoned.

And that with regard to the continuance of freight facilities was only a qualification of the order, limiting its operation to the matter of passenger accommodations.

APPLICATION for a mandamus to compel a railroad company to resume its use of a passenger station upon its road which it had abandoned; brought to the Superior Court in Hartford County. Answer by the respondents, demurrer to answer, and case reserved for advice. The case is fully stated in the opinion.

*Hamersley* and *S. E. Baldwin,* in support of the demurrer, cited *Town of Chester* v. *Connecticut Valley R. R. Co.,* 41 Conn., 348, and *Winchester & Potomac R. R. Co.* v. *Washington,* 1 Rob. (Va.), 67.

*Perkins* and *W. C. Case,* contra, cited *Morse, petitioner,* 18 Pick., 443.

PARK, C. J. There were upon the defendants' road two stations about one mile apart, and located in the villages of Southington and Plantsville. It was thought by the railroad company that the public convenience did not require the continuance of both, but that one station might be located at some point between the two villages, which would afford ample accommodation to the public in their business with the road. For the purpose of making this change they applied to the general railroad commissioners, in due form, for their approval of an abandonment of the two stations, when a new one should be provided between them. After a full hearing on the subject by the commissioners, they made an order authorizing the abandonment of the two stations as passenger stations, when another passenger station house should be built and a station established at a certain point between them. The commissioners, in giving their judgment of approval, make use of the following language: "The railroad commissioners do find and approve, and do hereby order, that the New Haven & Northampton Company may discontinue and abandon the stations of Southington and Plantsville as

at present located, under and by complying with the following provisions and conditions, to wit: The New Haven & Northampton Company shall provide and erect a passenger station house near their new freight depot, as shown on the map exhibited and submitted, and after and in compliance with the plans and profiles also submitted for the passenger station building; also suitable, convenient and easy approaches to their new freight depot; all of which shall be done to the acceptance of the railroad commissioners. The company shall also continue the same facilities for receiving and shipping freight by the car-load and unbroken, as are at present enjoyed, to each and all of the parties who patronize their railroad by receiving and shipping freight thereby."

The State insists that the foregoing approval of the commissioners was conditional, and that the conditions render their approval void.

We do not so regard the judgment of approval. The case was a peculiar one. It was unlike most cases where the commissioners are called upon to determine solely whether or not a particular station should be abandoned. They were required to consider whether one station, to be established between the two then existing, would afford ample accommodation to the public under all the circumstances of the case, so that it would be unreasonable to require the railroad company to continue to support two stations so near together, and stop their trains twice within the distance of one mile, thus subjecting the company to great trouble and expense, and the traveling public to delay upon the road. If such should be found upon investigation to be the case, how could the object be accomplished? It would be unreasonable to require the railroad company to proceed in the dark, and erect their proposed substitute station at an expense of some twenty thousand dollars, not knowing in the mean time whether in the end the commissioners would authorize them to abandon these two stations. So, on the other hand, the commissioners could not decide that these two stations ought to be abandoned *in presenti,* even if they were satisfied that a new station would be established and proper buildings erected at a suitable place

between the two, as they would thereby leave the public without access to the road during the intervening time. The commissioners took the only course that could be properly taken under all the circumstances. They gave their approval to the abandonment of the two stations, so far as passengers were concerned, their approval to take effect when the substitute station should be erected. They regarded the case as they would have done if the substitute station had then been completed, except as they fixed a future time when their approval should take effect. It is true that in the order of approval the commissioners used the word "conditions" in connection with and as a part of their judgment. But this word was used, not in its ordinary sense, but as expressing the provision that when the company should complete the station house that they proposed to erect, the order of approval should then take effect. The company had then selected the place for their proposed station. Their plans had been drawn, not only for the new building, but for its approaches and surroundings. The commissioners examined them. They said to all parties concerned, in effect, we approve of the abandonment, but our approval shall take effect when the company perform what they promise.

What the commissioners said in their judgment of approval in relation to the facilities for receiving and shipping freight, was simply to show that the judgment of approval did not extend to the matter of freight. All freight facilities were to remain as they were.

We advise the Superior Court that the return of the defendants is sufficient.

In this opinion the other judges concurred.